[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 3, 1952 in Bronx, New York. Both parties have resided continuously in this state since 1955. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegations that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-81, 46b-82 and 46b-62 C.G.S. in reaching the decisions reflected in the orders that follow.
Although this is a marriage of some forty years, the parties have lived separate and apart for the past twelve years. The plaintiff wife is 65 years of age. Throughout the marriage, the plaintiff assumed the role of homemaker, raising their three children. The plaintiff is a registered nurse and has kept her license current in Connecticut as well as in Pennsylvania. The CT Page 5792 defendant regularly contributed to the support of the plaintiff during the twelve year separation. The wife is presently receiving social security benefits of $271 per month. The plaintiff has not worked outside the home since 1953.
The defendant is aged 62 years of age. He is the principal in Mantel and Cardillo, a dental laboratory. The defendant started his own business in 1962 and in 1974 he merged with Fred Mantel. The defendant testified he started working at age 14 and today oversees approximately eight employees and does work for over 20 dentists in the area. The defendant has been a certified dental technician since 1962. In 1990, the defendant purchased the interest of Fred Mantel, who desired to retire from the business, for approximately $150,000. The plaintiff, from time to time and for short periods of time assisted the defendant in his business, in billing, cleaning and delivery. The parties' daughter is presently the bookkeeper at the business. The defendant put in long hours at this business and the testimony indicated he is a highly skilled technician and well thought of in his profession. In 1991, the defendant had a gross income of approximately $123,900.
Each party had an accountant testify as to the value of the defendant's business. The plaintiff's accountant gave a value of $250,000 — the defendant's accountant gave a value between zero and $37,000. The court finds that the defendant in this case is in a personal services business. This business will provide the stream of income with which the defendant will pay the award of periodic alimony. To take into account the business in both the property division and the award of alimony would in effect be "double-dipping."
With respect to the good will of the company, based on the evidence presented, this court finds that the good will cannot be detached from the personal reputation and ability of the defendant. So long as the defendant continues to work in the business of Mantel and Cardillo, the good will may continue to enhance the defendant's earning power.
Both parties indicated it was a good marriage. The defendant indicated although a good marriage, he was unhappy in the marriage and was dissatisfied, disillusioned and felt rejected emotionally and physically.
The plaintiff indicated she stayed with the defendant because of their three children.
The defendant was approximately 50 years of age when he separated from the plaintiff to, as he put it, "look for another woman." CT Page 5793
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the cause of the breakdown of the marriage. It seems unfortunate that the parties were unable to resolve their financial matters rather than proceeding with the rigors of a trial. There are no winners in these situations.
The court has attempted to provide for the plaintiff, whom, at age 65, the court does not expect she will be gainfully employed on a full time basis. The defendant, at age 62 is looking forward to retirement in the future. The defendant is diabetic and requires daily insulin. Neither party came into this marriage with any assets.
The fact that the defendant started to reduce the amount of support he was providing for the plaintiff, rather than the defendant's infidelities was the catalyst that caused the plaintiff to institute this action after a twelve year separation. The court has considered that some of the assets of this marriage have accrued during the twelve year separation. The court, however, has not penalized or rewarded either party as a result of the twelve year span.
The court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
Real Estate
1. The marital home located at 73 Old Farm Road, Wilton, Connecticut shall be promptly listed with a real estate broker at a mutually agreeable listing and selling price, and sold. After the payment of the first mortgage, real estate commission and usual closing costs, the net proceeds shall be divided 55% to the plaintiff and 45% to the defendant.
2. The plaintiff shall be solely responsible for the payment of the mortgage, taxes, insurance and normal maintenance expenses until the sale. Any fix-up expenses, if needed, shall be equally divided between the parties. There is approximately $319,000 in equity in this home at the present time. The capital gain tax shall be apportioned 55% to the plaintiff and 45% to the husband.
3. The court shall retain jurisdiction over any disputes arising out of the sale of this real estate.
2. Property located at Deer Trail Road, Poconno Mountain Lake, Pennsylvania: The defendant shall quit claim his interest in this property to the plaintiff. The plaintiff shall be responsible for the mortgage and shall hold the defendant harmless from any and all liability thereon. There is presently an equity of approximately CT Page 5794 $25,000 in this property.
3. Cape Coral Florida Property: The defendant shall quit claim his interest in this property to the plaintiff. There is no mortgage on this property and the plaintiff indicated it had a value of approximately $29,300.
4. Property at 104 Winesap Road, Stamford: This property shall remain the sole property of the defendant and the plaintiff shall have no claim thereto. This property has an equity of approximately $41,000.
Alimony
1. The defendant shall pay to the plaintiff as periodic alimony the sum of $3,500 per month commencing June 1, 1992 until such time as the marital home located at Old Farm Road, Wilton, Connecticut is sold.
2. Commencing with the first month after the sale of the marital home, the defendant shall pay to the plaintiff as alimony the sum of $2,750 per month.
3. Said alimony shall be paid during the lifetime of the plaintiff and shall terminate upon her remarriage or upon the death or retirement of the defendant.
4. At the time of the retirement of the defendant, the plaintiff shall be entitled to a 1/3 share of the gross value of the defendant's pension and profit sharing plan. Counsel shall prepare the appropriate QDRO to preserve the plaintiff's interest in the defendant's pension and profit sharing plan which has a value as of September 1991 of approximately $370,600. The plaintiff's 1/3 interest shall be in the value of the pension and profit sharing as of June 1, 1992.
An immediate withholding is ordered.
Other Property
1. The following assets are awarded to the plaintiff:
(1) Her motor vehicle and her savings and checking accounts as listed on her financial affidavit;
(2) her profit sharing plan at Mantel and Cardillo;
(3) the Gorham Strausberg silver service for twelve plus the serving pieces; CT Page 5795
(4) two antique candlestick holders from England dated 1776;
(5) one-half of the 1991 joint income tax refund;
(6) one-half of the CBT IRA and the People's IRA to be rolled over to an IRA for the plaintiff.
2. The following assets are awarded to the defendant:
(1) His checking and savings accounts, municipal bonds and money market account as listed in his financial affidavit;
(2) the four motor vehicles as listed on his financial affidavit;
(3) defendant's interest in the Mantel and Cardillo Dental Lab;
(4) Items No. 2 and 4 through 9 of the defendant's request for personal property are awarded to the defendant.
Life Insurance
The defendant's financial affidavit shows three insurance policies totaling $55,000. The plaintiff shall be noted as the irrevocable beneficiary on these policies for so long as the defendant has an obligation for alimony. The defendant is aged 62 and is a diabetic. The court is concerned that the cost of additional life insurance would be prohibitive. The provision with respect to life insurance shall be modifiable.
Attorneys Fees/Expert Fees
1. The court has taken into account the statutory criteria in awarding counsel fees to the plaintiff in the amount of $7,500. Although the plaintiff is awarded other liquid assets, the court finds that an award for attorney's fees necessary is necessary to avoid undermining the other financial awards as set forth in this Memorandum.
2. The plaintiff is further awarded the sum of $4,000 for her expert's fees.
Miscellaneous
1. The plaintiff is entitled to her furniture, furnishings and possessions contained in the marital home, unless otherwise disposed of in this Memorandum.
2. Each party shall be responsible for their individual debts CT Page 5796 as listed on their respective financial affidavits.
COPPETO, J.